UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS-ALEXANDRE NOEL ALBERT DALBIS,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANCE *(Administration, Public Services)*,<br><br>    Defendant. | Case No. 25-cv-2632 (JMC) |

## MEMORANDUM OPINION

Pro se Plaintiff Louis-Alexandre Noel Albert Dalbis brings this suit against the nation of France. *See* ECF 1. This is not Dalbis's first lawsuit before this Court and against this Defendant. *See Dalbis v. Pub. Emps. of Sec. and Intel. Servs. of Fr. & Eur.* (*Dalbis I*), No. 24-cv-1434 (JMC); *Dalbis v. France* (*Dalbis II*), No. 24-cv-2065 (JMC). In his first lawsuit, Dalbis had invoked the Torture Victim Protection Act of 1991, alleging that various unnamed French officials had committed a "crime against humanity" against him "from approximately 1996 to 2024." *Dalbis I*, ECF 1 at 4. The Court dismissed that case with prejudice in light of Dalbis's repeated failures to comply with Federal Rule of Civil Procedure 8(a)(2), which requires that a Plaintiff include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Dalbis I*, 2024 WL 3443551, at *1 (D.D.C. July 15, 2024). Undeterred, Dalbis filed a virtually identical lawsuit one day later. *Dalbis II*, ECF 1. The Court dismissed *Dalbis II* with prejudice because the complaint recycled the same confusing and legally inadequate allegations from his prior lawsuit. *Dalbis II*, 2024 WL 3509493, at *1 (D.D.C. July 23, 2024).

1

Dalbis's third lawsuit suffers a similar fate. Dalbis filed this case six months after *Dalbis II* was dismissed.[1] ECF 1. It is true that the complaint in this action includes superficial differences from *Dalbis I* and *II*, in that the complaint expands the basis for liability to include claims under the Alien Tort Claims Act and international conventions ratified by the United States, *see* ECF 1 at 3, and presents Dalbis's factual allegations in expanded form, *id.* at 17–72. But when looking to the substance of his allegations, Dalbis's current case suffers from the same defects as his prior lawsuits. The complaint again recycles the same confusing and legally inadequate allegations from his prior cases which this Court has dismissed without prejudice, allegations which again are not capable of "rais[ing] a right to relief above the speculative level," and of providing "fair notice" to Defendant as to the basis of this action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the Court has previously stated, "even construing the . . . complaint and accompanying documents liberally, the Court is unable to identify what cognizable harm Dalbis has suffered, who caused him that harm, and how the law entitles him to any relief." *Dalbis I*, 2024 WL 3443551, at *1.[2]

Dalbis's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). And while "[o]rdinarily, the remedy for noncompliance with Rule 8(a) is dismissal with leave to amend," *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977), the Court concludes that dismissal **WITH PREJUDICE** is warranted due to Dalbis's repeat filing of essentially the same lawsuit that was previously dismissed with prejudice. As a result of the dismissal, Dalbis's pending motions for entry of default, ECF 47, and default judgment, ECF 49, are moot and thus **DENIED**. If Dalbis

---

[1] Dalbis initially filed the case in the Southern District of New York, which transferred the case to this Court on the grounds that the District of Columbia was the only proper venue for Dalbis's claims against France, which arise solely from events that allegedly occurred in France. *See* ECF 34 (transferring case and citing 28 U.S.C. § 1391(f)(4) as grounds for proper venue in the District of Columbia).

[2] Dalbis has purported to file multiple amended complaints and supporting documents in this action without seeking leave of this Court. *See* Fed. R. Civ. P. 15(a). The Court has reviewed these amended complaints—most of which incorporate the factual allegations as stated in his original complaint—and does not find that they remedy the defects in Dalbis's case, even if accepted as the operative complaint.

continues to file the same suit in this Court despite his claims being dismissed with prejudice, the Court may subject him to a filing injunction prohibiting him from filing complaints in this Court without first seeking leave.

      A separate order accompanies this memorandum opinion.

      **SO ORDERED.**

                                                                _____
                                                                 JIA M. COBB
                                                                 United States District Judge

Date: January 6, 2026